# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KATHRYN TWA,

    Plaintiff,

Case No.

v.

Hon.

MERCY HEALTH PARTNERS,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
RYAN FOWLER
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com
rflower@bateylaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Kathryn Twa (hereinafter "Twa"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. Plaintiff is a resident of the City of Muskegon, County of Muskegon, and State of Michigan.

2. Defendant, Mercy Health Partners (hereinafter "Mercy") is a domestic non-profit corporation duly authorized to conduct business throughout Michigan, including the Western district of Michigan, whose resident agent is the Corporation Company, located at 40600 Ann Arbor Road East, Suite 201, Plymouth, MI 48170.

3. The events producing the original injury occurred in Muskegon County, Michigan.

4. Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting discrimination, adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Pregnancy Discrimination Act of Title VII (PDA), the Americans with Disabilities Act ("ADA"), and Michigan Persons with Disabilities Civil Rights Act.

6. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff was hired by Defendant on May 14, 2018 as a surgical nurse.

9. On or around July 5, 2018, Plaintiff discovered that she was pregnant and informed Defendant of her pregnancy approximately two weeks later.

10. Conditions associated with Plaintiff's pregnancy caused her to be disabled, including gestational diabetes, and low blood pressure.

11. Plaintiff's pregnancy related disabilities substantially interfered with her ability to continuously stand, walk, and talk.

12. Due to Plaintiff's pregnancy related disabilities she requested reasonable accommodations from Defendant that would allow her to sit as needed, give her more time to move throughout the hospital, use the bathroom due to pregnancy related sickness, and to avoid exposure to certain chemicals while in the operating room.

13. Plaintiff remained able to perform the essential functions of her job with accommodations, but after she requested reasonable accommodations, Defendant told her to "stop bringing personal issues to work."

14. Before Plaintiff informed her employer that she was pregnant, she was regarded as a good employee by Defendant, and all of her feedback was outstanding.

15. Plaintiff's performance was so highly regarded by Defendant that Defendant gave Plaintiff her own cases after only two months, which generally takes employees six months.

16. After Plaintiff informed Defendant of her pregnancy, her immediate supervisor began harassing her by telling Plaintiff that she was moving and walking too slow due to her pregnancy related disabilities, and chastised her when she had to tend to morning sickness.

17. On or around August 8, 2018, Defendant terminated Plaintiff and she was told to "reapply in a year," in obvious reference to her pregnancy being complete by then.

18. A physician at Defendant's office approached Plaintiff after she was terminated and expressed to her that he felt that she was a star employee, and he was extremely upset about her termination.

19. Plaintiff filed a charge of discrimination with the EEOC and received a Right to Sue letter on September 18, 2019.

## COUNT I
## PREGANCY DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE PREGNANCY DISCRIMINATION ACT OF 1978

20. Plaintiff incorporates by reference paragraphs 1 through 19 of the Complaint as though fully set forth herein.

21. Pursuant to Title VII of Civil Rights Act of 1964, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex/gender.

22. Pregnancy and child birth is a characteristic of Plaintiff's sex/gender as a female, and included in Plaintiff's protection from sex harassment/discrimination under the Pregnancy Discrimination Act of Title VII.

23. Defendant took adverse employment actions against Plaintiff as a result of Plaintiff's sex and, as a woman who had recently become pregnant.

24. Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex/gender as a pregnant woman.

25. Defendant is an employer within Title VII.

26. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected.

27. Plaintiff is entitled to exemplary, punitive and compensatory damages pursuant to the Title VII as a result of each and every violation of the act, including costs and reasonable attorney's fees.

28. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

    b. Retaliating against employees who make complaints of discrimination and harassment; and

    c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

29. Defendant owed Plaintiff as a pregnant woman, a duty to adequately advise their employees to refrain from discriminating against employees.

30. Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to prevent or stop harassment on the basis of Plaintiff's sex and pregnancy creating a hostile work environment; and

    b. Taking adverse employment action against Plaintiff due to her sex and pregnancy including terminating her.

31. As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

32. Because of the unlawful conduct of Defendant and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs,

interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## SEXUAL HARASSMENT/DISCRIMINATION IN VIOLATION OF THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT, MCLA §37.2101, *et seq*.

33. Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex and pregnancy.

35. Pregnancy is a characteristic of Plaintiff's sex and is included in Plaintiff's protection from sex harassment/discrimination under Michigan law and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

36. Defendant created a hostile work environment for Plaintiff as a result of Plaintiff's sex and pregnancy.

37. Defendant is an employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

38. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex and pregnancy by Defendant, its employees, and agents to the point where her status as an employee has been

detrimentally affected.

39. Plaintiff is entitled to exemplary and compensatory damages pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

40. Defendant and their agents, employees and representatives breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by engaging in sex discrimination in the workplace;

    b. Retaliating against employees who make complaints of discrimination and harassment; and

    c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

41. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

42. Defendant breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

    b. Taking adverse employment action against Plaintiff due to her sex and pregnancy; and

    c. Retaliating against Plaintiff for her complaints of sex discrimination.

43. As a direct and proximate result of the actions of the Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant.

44. Because of the unlawful conduct of Defendant, its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

45. Plaintiff incorporates by reference paragraphs 1 through 44 of the Complaint as though fully set forth herein.

46. Plaintiff suffered from pregnancy related conditions including gestational diabetes and low blood pressure, which substantially interfered with major life activities and is a disability under The Americans with Disabilities Act of 1990 ("ADA").

47. Defendant perceived and regarded Plaintiff as being a person with a disability.

48. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

49. Plaintiff's disability was a factor in Defendant's employment decisions, including, termination.

50. Defendant is an employer within the meaning of the ADA.

51. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disability, her perceived or regarded disability, and/or request for an accommodation, by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was terminated by Defendant.

52. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

53. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disability;

    b. Violating the laws against discrimination by creating a hostile work environment which substantially interfered with her ability to do her job based on her disability; and

    c. Violating the laws against discrimination by terminating Plaintiff based exclusively upon her disability.

54. Defendant breached and violated its duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees;

    e. Failing to provide reasonable accommodations; and

    f. Terminating Plaintiff based upon her disability.

55. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

56.     Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including economic damages, wage loss, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## VIOLATION OF THE MICHIGAN PERSONS
## WITH DISABILITIES CIVIL RIGHTS ACT, MCLA §37.1101, *ET SEQ.*

57.     Plaintiff incorporates by reference Paragraphs 1 through 56 above as though more fully set forth herein.

58.     Plaintiff suffered from pregnancy related conditions including gestational diabetes and low blood pressure, which is a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

59.     Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from

discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

60. Plaintiff's disability was a factor in Defendants employment decisions, including, but not limited to refusing to accommodate her and terminating her.

61. Defendant is an employer within the meaning of the PWDCRA.

62. Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon her disability by Defendant, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused to be reasonably accommodated by Defendant and was terminated by Defendant.

63. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

64. Defendant and its agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

    b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

    c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful; and

    d. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

65. Defendant owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

66. As a direct and proximate result of Defendants harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendant to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

    a. Economic damages;

    b. Mental anguish;

    c. Fright;

    d. Shock;

    e. Embarrassment;

    f. Outrage;

    g. Anxiety;

    h. Emotional distress;

    i. Loss of self-esteem; and

    j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages,

together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

          Respectfully submitted,

          **BATEY LAW FIRM, PLLC**

          By: /s/Scott P. Batey
              SCOTT P. BATEY (P54711)
              Attorney for Plaintiff
              30200 Telegraph Road, Suite 400
              Bingham Farms, Michigan 48025
              (248) 540-6800-telephone
              (248) 540-6814-fax
              sbatey@bateylaw.com

Dated: December 13, 2019

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Kathryn Twa, by and through her attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

          Respectfully submitted,

          **BATEY LAW FIRM, PLLC**

          By: /s/Scott P. Batey
              SCOTT P. BATEY (P54711)
              Attorney for Plaintiff
              30200 Telegraph Road, Suite 400
              Bingham Farms, Michigan 48025
              (248) 540-6800-telephone
              (248) 540-6814-fax
              sbatey@bateylaw.com

Dated:  December 13, 2019